OFFICE OF THE UNITED STATES TRUSTEE

STEVEN JAY KATZMAN
United States Trustee
CAROL K. MURANAKA  1884
Assistant United States Trustee
CURTIS CHING
1132 Bishop Street, Suite 602
Honolulu, Hawaii 96813
Telephone: (808) 522-8150
Fax: (808) 522-8156
ustpregion15.hi.ecf@usdoj.gov

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | CASE NO. 07-00051 |
| --- | --- | --- |
| | ) | (Chapter 7) |
| | ) | |
| GARY EDWARD LIVERNOCHE and | ) | |
| LAVERNE MARIE LIVERNOCHE, | ) | |
| | ) | Date: November 7, 2007 |
| Debtor. | ) | Time: 2:00 p.m. |
| _____ | ) | Judge: Hon. ROBERT J. FARIS |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Office of the United States Trustee's Motion To Dismiss Case For Abuse Pursuant To 11 U.S.C. §707(b)(3) ("Motion To Dismiss"), filed on September 18, 2007, came on for hearing on November 7, 2007. Stuart Ing appeared for the Debtors, and Curtis Ching appeared for the Office of the United States Trustee ("UST"). Pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1. On January 19, 2007, the Debtors filed a petition seeking relief under Chapter 13 of the Bankruptcy Code.

2. In their schedules, the Debtors described Mr. Livernoche's occupation as a lecturer at Chaminade University, earning $930.00 per month gross. Ms. Livernoche described her occupation as a Commercial Real Estate Manager at PM Realty Group, earning $6,055 gross monthly income. After various payroll deductions and expenses, the Debtors claimed disposable income of exactly $300.00.

3. In their Form B22C ("Chapter 13 Means Test Form"), the Debtors disclosed total current monthly income of $6,985. After claiming deductions, the Debtors determined that they had zero monthly disposable income under the Chapter 13 Means Test Form.

4. The Debtors listed general unsecured claims totaling $87,143 over half of which was comprised of student loans.

5. The Debtors proposed a Chapter 13 plan for 60 months, paying $300 per month for six months and then $1,200 per month for the remaining 54 months. The Debtors explained in their proposed plan that, "The additional funding will come from Debtor Gary's F/T position starting 9/07." Total plan funding came to $66,600. The plan provided that student loans totaling $52,000 would be placed in a separate class and paid in full ahead of other general unsecured creditors.

6. On March 21, 2007, the Debtors converted their

2

case to Chapter 7.  At the meeting of creditors held on May 11, 2007, the Debtors' counsel explained that the Debtors converted their case because the Chapter 13 trustee would not agree to classify their student loans with priority over other general unsecured creditors.  Thus, the Debtors intended to pursue a "Chapter 20" in which they received a Chapter 7 discharge and then repaid student loans through a subsequent Chapter 13 plan.

       7.   The Debtors further testified that Mr. Livernoche, who had been teaching part-time at Chaminade University, had received a full-time position at that school effective July 1, 2007.  The position would pay annual compensation of $41,800, or $3,484 per month.  With Ms. Livernoche's $6,055 per month income and Mr. Livernoche's $3,483 per month income, the Debtors receive gross income of $9,538 per month.

       8.   In July 2007, the UST informed the Debtors its position that this case constituted an abuse under 11 U.S.C. §707(b)(3) due to the Debtors ability to fund a Chapter 13 plan.  On July 30, 2007 the Debtors agreed to re-convert their case to Chapter 13.

       9.   Despite the representation that the case would be reconverted to Chapter 13, the Debtors did not promptly file the requisite motion.  The UST filed the Motion To Dismiss on September 18, 2007.

       10.   The Debtors filed a motion to reconvert to Chapter

U.S. Bankruptcy Court - Hawaii   #07-00051   Dkt # 49   Filed 11/15/07   Page 3 of 7

13 on October 23, 2007.  The hearing was set for December 12, 2007.

## CONCLUSIONS OF LAW

11.    This Court has jurisdiction in this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (B).

12.    Section 707(b)(1) provides that the court may dismiss a case filed by an individual whose debts are "primarily consumer debts," if it finds that granting relief would be an abuse of the provisions of chapter 7.[1]

13.    "Consumer debt" is defined as a "debt incurred by an individual primarily for a personal, family, or household purpose."[2]  The Ninth Circuit interprets "primarily" to mean that the overall ratio of consumer to non-consumer debt is greater than 50%.[3]

14.    The Debtors admitted that their debts are primarily consumer debts on the first page of their voluntary petition and on their Statistical Summary of Certain Liabilities and Related Data.[4]  The debts identified in the schedules

---

[1] 11 U.S.C. § 707(b)(1).

[2] 11 U.S.C. §101(8).

[3] In re Kelly, 841 F.2d 908, 913 (9th Cir. 1988).

[4] See Exhibit H attached to the Declaration of Anson Okimoto.

4

U.S. Bankruptcy Court - Hawaii   #07-00051   Dkt # 49   Filed 11/15/07   Page 4 of 7

primarily involve an automobile loan, student loans, and credit card debts totaling $103,413. The Debtors further asserted in Statement of Financial Affairs No. 18 that they did not operate a business in the six years prior to the filing of this case. Under the circumstances, the Court holds that the Debtors have primarily consumer debts.

     15. Section 707(b)(2)(A)(i) provides for the presumption of abuse in certain circumstances.[5] Where the presumption of abuse under §707(b)(2) does not arise, Section 707(b)(3) applies. It states in relevant part,

> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider -
>
>     (A) whether the debtor filed the petition in bad faith; or
>
>     (B) the totality of the circumstances ... of the debtor's financial situation demonstrates abuse.

11 U.S.C. §707(b)(3).

     16. The primary ground for dismissal under the totality of the circumstances of the debtor's financial situation standard is the debtor's ability to repay unsecured debt.[6] In

---

[5] 11 U.S.C. § 707(b)(2)(A)(I).

[6] See In re Pfeifer, 365 B.R. 187, 192-93 (Bankr. D. Mont. 2007)(holding that the court should consider debtor's actual debt-paying ability in the totality of the circumstances of the debtor's

5

determining the ability to pay, the courts analyze whether the debtor has sufficient projected disposable income to fund a hypothetical chapter 13 plan.[7]

17. In this case, the Debtors have the ability to repay some of their unsecured debts through a Chapter 13 plan. Their recent motion to reconvert case to Chapter 13 confirms this ability. The Debtors receive combined gross income of $9,538 per month. After subtracting standard IRS allowed amounts, the Debtors should have ample monthly disposable income available to fund a Chapter 13 plan that would repay unsecured creditors a

---

financial situation); Accord, In re Jewell, 365 B.R. 796 (Bankr. S.D. Ohio 2007)(holding same); In re Henebury, 361 B.R. 595, 606-07 (Bankr. S.D. Fla. 2007) (debtor's wife's employment, commenced post-petition, would allow debtor to pay 100% of unsecured creditors); In re Schoen, 2007 WL 643295, at *2-3 (Bankr. D. Kan. 2007) (court should consider debtor's actual debt-paying ability in the totality of the circumstances of the debtor's financial situation); In re Sorrell, 359 B.R. 167 (Bankr. S.D. Ohio, January 26, 2007)(holding same);  In re Mestemaker, 359 B.R. 849, 854-856 (Bankr. N.D. Ohio 2007)(holding same); In re Lenton, 358 B.R. 651, 664 (Bankr. E.D. Pa. 2006)(holding same); In re Simmons, 357 B.R. 480,487-488 (Bankr. N.D. Ohio 2006)(holding same) In re McUne, 359 B.R. 397, 399 (Bankr. D. Or. Dec. 19, 2006)(holding same); In re Paret, 347 B.R. 12, 14-17 (Bankr. D. Del. 2006) (holding that where the debtor's income is below the applicable median income, the court should consider debtor's ability to pay under § 707(b)(3)(B)); In re Pennington, 348 B.R. 647, 650-52 (Bankr. D. Del. 2006)(holding same); and In re Pak, 343 B.R. 239, 242-47 (Bankr. N.D. Cal. 2006)(holding same). But see In re Nockerts, 357 B.R. 497 (Bankr. E.D. Wis. 2006)(ultimately dismissing the case pursuant to an Order dated January 17, 2007, under the "totality of the circumstances" but in dicta stated it did not consider the debtor's ability to pay and relied on In re Green, 934 F.2d 568 (4th Cir. 1991), which Congress overruled).

[7] See, e.g., In re Jones, 335 B.R. 203, 208 (Bankr. M.D. Fla. 2005); In re Richie, 353 B.R. 569, 575 (Bankr. E.D. Wis. 2006).

6

substantial amount of their claims.

   18. In considering the totality of circumstances, the Court also considers the Debtors' delay in this case as a factor in determining abuse under §707(b)(3). This case need not have been converted to Chapter 7. The Debtors' request for reconversion was filed more than seven months after the initial conversion and almost nine months after the commencement of the case. The Court finds the Debtors' delay in this case unreasonable, particularly since the Debtors have never contested their ability to fund a Chapter 13 plan.

   Accordingly, under the totality of circumstances and based on the Debtors' ability to repay creditors and the Debtors' unreasonable delay, this case shall be dismissed as an "abuse" under Section 707(b)(3)(B). The dismissal shall be without prejudice. A separate order dismissing this case will be entered.

7